d

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| NICHOLAS DAVIS, Plaintiff | CIVIL NO. 1:18-CV-00498 |
|---|---|
| VERSUS | JUDGE DRELL |
| EQUIFAX INFORMATION SERVICES LLC, Defendant | MAGISTRATE JUDGE PEREZ-MONTES |

### REPORT AND RECOMMENDATION

Before the Court is a Motion to Dismiss (Doc. 7) filed by Defendant, Equifax Information Services, LLC ("Equifax"). Equifax seeks dismissal of: (1) Plaintiff Nicholas Davis's ("Davis's") defamation claim as "preempted" under the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* (the "FCRA"); and (2) Davis's claim under "Section 623" of the FCRA as (a) inapplicable to Equifax, and (b) because it seeks recovery of damages for lost business credit or revenue, which are not recoverable under the FCRA. Davis did not respond to the motion.

Davis's allegations that Equifax acted with malice or willful intent are broad and brief, but adequate to satisfy the threshold for dismissal under Fed. R. Civ. P. 12(b)(6). Because Davis sufficiently alleges that Equifax acted with malice or willful intent, the FCRA does not preclude Davis's defamation claim. However, Section 623 of the FCRA does not apply to Equifax. And Davis may not recover damages under the FCRA for an inability to obtain business revenue or credit. Therefore, Equifax's Motion to Dismiss (Doc. 7) should be GRANTED IN PART AND DENIED IN PART,

and Davis should be ordered to AMEND his complaint to clarify his allegations and remaining claims.

I.  **Background**

Equifax is a "consumer reporting agency" ("CRA") under the FCRA. See 15 U.S.C. § 1681a(f). Davis is an individual resident of Rapides Parish, Louisiana.

Davis initially sued Equifax in Alexandria City Court. (Doc. 1-2, p. 3). In summary, Davis claims that Equifax willfully refused to remove a fraudulent account from his credit report. (Id.). Because of that alleged refusal, Davis claims that he was damaged, at least in part because he was denied funding from one or more banks for his business. (Id.). Davis's brief petition includes various phrases relating to the FCRA and his alleged injuries, including "defamation, financial injury, willful injury, failure to verify account," and "Section 623" of the FCRA. (Id.).

Equifax maintains – and the Court agrees – that, reasonably interpreted, Davis asserts at least two claims against Equifax, one for defamation and another for violation of Section 623 of the FCRA. Whether Davis's allegations raise other claims, however, is a different matter addressed more fully below. At present, Davis's allegations are limited to a few sentences contained in a one-page handwritten petition filed in Alexandria City Court. Davis has not requested leave to amend.

Equifax removed (Doc. 1), and then moved to dismiss Davis's claims (Doc. 7). Equifax argues that Davis's defamation claim is "expressly preempted" by the FCRA, and that Davis's FCRA claim does not apply to Equifax as a CRA. Equifax also argues that Davis may not recover damages for lost business loans under the FCRA.

2

## II.     Law and Analysis

### A.     Standards governing the Motion to Dismiss.

A court may grant a motion to dismiss for "failure to state a claim upon which relief can be granted" under Fed. R. Civ. P. 12(b)(6). A pleading states a claim for relief when, *inter alia*, it contains a "short and plain statement . . . showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

"[A] complaint will survive dismissal for failure to state a claim if it contains 'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Legate v. Livingston, 822 F.3d 207, 210 (5th Cir. 2016) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)) (internal citation and quotation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. The court must view all well-pleaded facts in the light most favorable to the plaintiff. Yumilicious Franchise, L.L.C. v. Barrie, 819 F.3d 170, 174 (5th Cir. 2016).

Although the court must accept as true all factual allegations set forth in the complaint, the same presumption does not extend to legal conclusions. Iqbal, 556 U.S. at 678. A pleading comprised of labels and conclusions, a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement, will not stand. Id. Similarly, where the well-pleaded facts do not permit the Court to infer more than the mere possibility of misconduct, the complaint has alleged – but not "shown" – that the pleader is entitled to relief. Id. at 679.

3

"Motions for failure to state a claim are 'disfavored in the law and rarely granted.'" See Calhoun v. Villa, 18-20080, 2019 WL 643531, at *1 (5th Cir. Feb. 14, 2019) (citing Thompson v. Goetzmann, 337 F.3d 489, 494-95 (5th Cir. 2003); Lowrey v. Texas A & M Univ. Sys., 117 F.3d 242, 247 (5th Cir. 1997)). "The complaint is to be 'liberally construed in favor of the plaintiff.'" Calhoun, 18-20080, 2019 WL 643531, at *1 (quoting Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc., 677 F.2d 1045, 1050 (5th Cir. 1982)). Nonetheless, "[c]ourts considering a motion to dismiss under Rule 12(b)(6) are only obligated to allow those complaints that are facially plausible under the Iqbal and Twombly standard to survive such a motion." Red River Bancshares Inc. v. Red River Employees Fed. Credit Union, CV 17-1370, 2018 WL 4623659, at *3 (W.D. La. Sept. 26, 2018).

B.     Davis's defamation claim is not precluded by the FCRA.

"The FCRA is comprehensive legislation designed to regulate the consumer reporting industry." Floyd v. Wells Fargo Home Mortgage Co., 848 F. Supp. 2d 635, 642 (E.D. La. 2012). The purpose of the FCRA is "to require that [CRAs] adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information . . . ." 15 U.S.C. § 1681(b).

However, "[t]he FCRA preempts state law defamation or negligent reporting claims unless the plaintiff consumer proves 'malice or willful intent to injure' him." Young v. Equifax Credit Info. Servs., Inc., 294 F.3d 631, 638 (5th Cir. 2002). The

operative FCRA provision states: "Except as provided in sections 1681n and 1681o . . ., no consumer may bring any action or proceeding in the nature of defamation . . . with respect to the reporting of information against any consumer reporting agency . . . except as to false information furnished with malice or willful intent to injure such consumer." 15 U.S.C. § 1681h(e).

Stated conversely, "Section 1681h(e) appears to permit a defamation action [only] in situations involving malice or willful intent to injure." Floyd v. Wells Fargo Home Mortg. Co., 848 F.Supp.2d 635, 643 (E.D. La. 2012). "To prove malice, the plaintiff must show that the defendants acted 'knowing the statements were false or with a reckless disregard of whether they were false.'" Iraheta v. Equifax Info. Servs., LLC, 5:17-CV-1363, 2018 WL 3770295, at *3 (W.D. La. Jan. 10, 2018) (quoting Morris v. Equifax Info. Servs., LLC, 457 F.3d 460, 471 (5th Cir. 2006), as modified on reh'g (Aug. 17, 2006)).

Courts are divided regarding the correct approach to preemption or preclusion under § 1681h(e), and the United States Court of Appeals for the Fifth Circuit has not squarely addressed the issue. However, this Court recently held that the weight of Fifth Circuit precedent favors the "statutory approach" to preemption. James v. MRC Receivables Corp., CV 16-0448, 2018 WL 3213147, at *9 (W.D. La. June 28, 2018).[1] The statutory approach "construes Section 1681h(e) as a federal defense to state common-law claims not alleged with malice or willful intent." Id.

---

[1] In past decisions, this Court and the Fifth Circuit have addressed the confluence of several terms used to describe § 1681h(e). The Fifth Circuit has referred to "qualified immunity" under the FCRA. Cousin v. Trans Union Corp., 246 F.3d 359, 367 (5th Cir. 2001). And, quoting another district court with approval, this Court has stated that "§ 1681h(e) is not

5

Davis plainly asserts "willful injury." However, Equifax seeks dismissal of Davis's defamation claim because, according to Equifax, Davis's "[c]omplaint is completely lacking of any factual assertions of any act or omission by EIS that could constitute malice or willful intent to injury." (Doc. 7-1, p. 4). The Court disagrees.

From a factual standpoint, Davis's pleadings simply *do* contain factual assertions beyond a mere skeletal assertion of willfulness. Had Davis merely recited the legal standard of willfulness, with no supporting allegations, the Court would agree with Equifax that such a conclusory allegation should be dismissed. See, e.g., Billups v. Retail Merchants Ass'n, Inc., 620 Fed.Appx. 211, 213 (5th Cir. 2015) ("In merely reciting the legal standard—that Lenders reported false information with malice—Count III falls squarely in the ambit of 'conclusory statements' held to be insufficient in Iqbal. 556 U.S. at 678, 129 S.Ct. 1937."). Davis alleged more.

From a legal standpoint, Equifax argues as follows: "Neither the failure to correct alleged errors after receiving notification of an alleged inaccuracy in a consumer's file, nor the mere existence of inaccuracies in a consumer's report alone, can amount to willfulness." (Doc. 7-1).[2] The latter proposition is certainly true – mere inaccuracies alone do not, and could not, establish malice or willfulness.

---

actually a preemption provision," but rather, "a quid pro quo grant of protection for statutorily required disclosures." Whitesides v. Equifax Credit Info. Servs., Inc., 125 F.Supp.2d 807, 811 (W.D. La. 2000) (quoting McAnly v. Middleton and Reutlinger, P.S.C., 77 F.Supp.2d 810, 814 (W.D.Ky. 1999)). What is, and has always been, clear, is that under § 1681h(e), a plaintiff must plead and ultimately prove a CRA acted with malice or willful intent to sustain a defamation claim.

[2] Here, Equifax cites – without explanation – five decisions from other jurisdictions. All of these decisions are non-binding, and more importantly, all are factually or procedurally distinguishable from this case. See Barrepski v. Capital One Bank (U.S.A.) N.A., CIV.A. 11-30160-NMG, 2014 WL 935983, at *13 (D. Mass. Mar. 7, 2014) (on summary judgment,

However, the former proposition is misplaced here. As an initial matter, Equifax construes Davis's pleadings too narrowly. Davis's allegations are not limited to Equifax's receipt of a dispute or alleged errors. True, those allegations are included. But Davis also asserts he provided a police report, which he argues would constitute, or supplement other "proof" of, a fraudulent account. Davis also alleges a failure to adequately investigate on Equifax's part. Davis's allegations are generalized, and perhaps inartful. But construed liberally and favorably to Davis under, and accepted as true under Fed. R. Civ. P. 12(b)(6), Davis's allegations *can* amount to malice willfulness under this Court's jurisprudence.

The Court's recent decision James v. MRC Receivables Corp. is apposite here. In James, the plaintiff (James) asserted state law claims for defamation, among other

dismissing a defamation claim in light of a "paucity of evidence" of willfulness or malice, though noting that the plaintiff's "strongest evidence" included disputes over the telephone and statements by Experian representatives indicating that entries were inaccurate or should be dismissed); Hill v. Equifax Info. Servs., LLC, 974 F.Supp.2d 865, 878 (M.D.N.C.2013) (on summary judgment, dismissing state law claims for fraud, intentional infliction of emotional distress, and unfair trade practices, because "Plaintiff has no evidence with which to rebut the sworn testimony submitted by Defendant" that Equifax did not act with malice or intent); Valvo v. Trans Union LLC, C.A. 04-70S, 2005 WL 3618272, at *8 (D.R.I. Oct. 27, 2005), report and recommendation adopted, C.A. 04-70 S, 2006 WL 47445 (D.R.I. Jan. 6, 2006) (on summary judgment, dismissing willful violation and state law claims because "Plaintiff has not produced any competent evidence that Trans Union misrepresented or concealed information, or otherwise 'knowingly committed an act in conscious disregard' of Plaintiff's rights," and only showed that TransUnion persisted in a "single mistake" on Plaintiff's credit report); Robertson v. Experian Info. Sols., Inc., CIV 1:CV-09-0850, 2010 WL 1643579, at *5 (M.D. Pa. Apr. 22, 2010) (on summary judgment, dismissing a plaintiff's claim for punitive damages, because "plaintiff simply offers no evidence indicating willful or reckless conduct on the part of Trans Union or Experian"); Johnson v. Equifax, Inc., 510 F.Supp.2d 638, 648 (S.D. Ala. 2007) (on summary judgment, dismissing an invasion of privacy claim because "Johnson has failed to demonstrate not only that the subject report contained inaccurate information but that the allegedly false information was furnished with malice or willful intent to injure").

things, against an FCRA "furnisher of information" (Midland). See 2018 WL 3213147, at *10. James's allegations regarding willfulness included the following: (1) "For unknown reasons and unknown to Plaintiff, Midland/MRC has persisted in a campaign of monthly credit reportings . . . to the national consumer reporting agencies and, each . . . represented an act of debt collection and a false and defamatory communication, made with malice and willful intent to harm Plaintiff's credit, property rights therein, reputation and standing in the community"; and (2) "The repeated receipt of disputes from plaintiff, coupled with the same disputes contained in legal pleadings resulting is dismissals of the aforementioned state court lawsuits, as well as the failures to investigate the account and collection files at any time, all show support for the conclusion that [Midland's] actions and omissions aimed at damaging and harming plaintiff were intentional, malicious, reckless and with willful intent to injure plaintiff." Id. at *6-7.

James alleged Midland acted willfully because Midland continued its reportings after: (1) receiving disputes from James; (2) becoming aware of dismissed legal proceedings involving those disputes; and (3) failing to adequately investigate James's disputes. See id. The Court held that "[t]hese facts, if true, would be sufficient to support a finding that Midland willfully intended to harm James," and that "[s]ince James alleges willful intent on the face of his amended petition, his state tort claims are not preempted by Section 1681h(e) of the FCRA." Id. at *7; see also Iraheta, 2018 WL 3770295 at *3 (denying a motion to dismiss a defamation claim where the plaintiff alleged "that he provided proof to Experian, Equifax, and Trans

8

Union that they were reporting incorrect information," and "that Experian, Equifax, and Trans Union knew of the inaccuracies, yet continued reporting them").

No meaningful distinction is present here. Equifax is a credit reporting agency, while Midland was a furnisher. The applicable legal standard under § 1681h(e), however, is the same. The remaining allegations are largely similar. Again, Davis avers "willful injury." Davis also alleges "failure to verify accounts" and "refus[al] to correct . . . after being provided proof of fraudulent Fingerhut account back with police report from Alexandria Police Department." (Doc. 1-2, p. 3). Like the allegations regarding account disputes and failure to investigate in James, Davis's allegations, if true, would support a finding of willfulness or malice here.[3] Dismissal is thus unwarranted.

### C. Section 623 of the FCRA does not apply to Equifax.

"Section 623" of the FCRA is found at 15 U.S.C. § 1681s-2. Equifax correctly points out that, by definition and nature, that Section applies only to "furnishers of information," and not to CRAs, like Equifax. See Morris, 457 F.3d at 466 ("Equifax is a nationwide consumer reporting agency . . . ."); Bank One, N.A. v. Colley, 294 F. Supp. 2d 864, 869–70 (M.D. La. 2003) ("[T]he duties created by § 1681s–2(b) do not

---

[3] Moreover, § 1681h(e) only applies to disclosures made "pursuant to section 1681g, 1681h, or 1681m." 15 U.S.C. § 1681h(e). The first two sections apply to disclosures by CRAs to the consumer. The third section applies to disclosures to the consumer when adverse action has been taken against the consumer based upon a consumer report. "[Equifax's] disclosure of [Davis's] credit report to potential creditors [would] not qualify as a disclosure under any of these three sections," and accordingly, Davis would not be required to allege or provide malice or willfulness as to such a claim. See Whitesides v. Equifax Credit Info. Servs., Inc., 125 F.Supp.2d 813, 818 (W.D. La. 2000). Davis's allegations are too general at this point for the Court to determine which FCRA sections may apply. But a blanket dismissal of Davis's claims would be inappropriate for that reason as well.

arise until the furnisher of information receives notice from a [CRA] pursuant to § 1681i(a)(2), that a consumer is disputing credit information."). Accordingly, Davis's claim under "Section 623" should be dismissed.

### D. Davis's damages claim for lost business revenue should be dismissed.

"[W]hile there is little precedential case law on the issue, the vast majority of courts considering the issue have reached the conclusion that the FCRA does not apply where a consumer report is used for business purposes." Bacharach v. Suntrust Mortgage, Inc., CIV.A. 14-962, 2015 WL 6442493, at *3 (E.D. La. Oct. 23, 2015), aff'd, 827 F.3d 432 (5th Cir. 2016); accord Hall v. Phenix Investigations, Inc., 642 Fed.Appx. 402, 405 (5th Cir. 2016) ("Numerous courts have concluded that the FCRA does not cover reports used or expected to be used only in connection with commercial business transactions.").

Davis may not recover damages for being denied a loan for his business. Accordingly, his claim to recover lost business credit or revenue should also be dismissed.

### E. Davis should amend his pleadings.

While "Section 623" of the FCRA does not apply to Equifax, and while damages for a business transaction are not recoverable under the FCRA, several other provisions of the FCRA may be in contest here. Apart from his defamation claim, Davis's claim for "willful injury" implicates 15 U.S.C. § 1681n and the damages specified under that section. See Stevenson v. TRW Inc., 987 F.2d 288, 293–94 (5th Cir. 1993) ("Section 1681n authorizes the court to award actual damages, punitive

damages, and reasonable attorney's fees when the reporting agency has willfully failed to comply with any of FCRA's requirements."). Davis's allegation that Equifax failed to investigate his disputes implicates 15 U.S.C. § 1681o, governing negligent noncompliance. See Vallelungo v. Mellon Fin. Servs. Corp. #9, CIV. A. 90-4107, 1991 WL 126384, at *1 (E.D. La. June 28, 1991) ("The FCRA provides for civil liability for willful and negligent noncompliance with any of its requirements.") (citing 15 U.S.C. §§ 1681n, 1681o).

To clarify the scope of this lawsuit, and to afford Davis, as a pro se plaintiff, a fair appropriate opportunity to state his case, Davis should be afforded an opportunity to amend. See Hale v. King, 642 F.3d 492, 503 (5th Cir. 2011) ("[D]istrict courts should not dismiss pro se complaints pursuant to Rule 12(b)(6) without first providing the plaintiff an opportunity to amend, unless it is obvious from the record that the plaintiff has pled his best case."); Burroughs v. Shared Hous. Ctr., 3:15-CV-333-N-BN, 2015 WL 4077216, at *4 (N.D. Tex. June 17, 2015), report and recommendation adopted, 3:15-CV-333-N, 2015 WL 4089756 (N.D. Tex. July 6, 2015) ("While pro se status does not provide an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets, it is settled law that pro se pleadings must be liberally construed to prevent the loss of rights due to inartful expression. And a pro se plaintiff ordinarily should be given 'every opportunity' to state a possible claim for relief.") (internal citations and quotations omitted).

### III. Conclusion

Because Davis adequately alleged that Equifax acted with malice or willful intent for purposes of Fed. R. Civ. P. 12(b)(6), Equifax's Motion to Dismiss (Doc. 7) should be DENIED IN PART to the extent that it seeks dismissal of Davis's defamation claim.

Because "Section 623" of the FCRA, 15 U.S.C. § 1681s-2, does not apply to CRAs, like Equifax, Equifax's Motion to Dismiss (Doc. 7) should be GRANTED IN PART to the extent that it seeks dismissal of Davis's claim under Section 623 of the FCRA.

Because the FCRA does not apply to damages claims in which a consumer report is used for business purposes, Equifax's Motion to Dismiss (Doc. 7) should be GRANTED IN PART to the extent that it seeks dismissal of Davis's claim to recover damages for lost business credit or revenue.

And because Davis's allegations are, as stated in his initial pleading, not entirely clear or complete, Davis should be ORDERED TO AMEND his complaint, within 45 days of the Court's Judgment, to set forth with more specificity the facts underlying his lawsuit, and the nature and scope of his alleged claims against Equifax, as indicated above.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen

(14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in Alexandria, Louisiana, this __1st__ day of March, 2019.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE